United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30471
Summary Calendar

CREATIVE SOFT SOLUTIONS, LLC,

Plaintiff,

versus

SOARING EAGLE CONSULTING, LTD,

Defendant - Counter Claimant - Appellant,

versus

JONATHAN NGUYEN, also known as Duoung Nguyen,
also known as Jonathan Duoung Nguyen; BERNARD BAISIER;
DAVID BUI; CLINICAL HEALTHCARE LABORATORY, INC.,

Counter Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-2874
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Soaring Eagle Consulting appeals in this suit involving a
contract to develop a human resources software package for Creative
Solutions. Soaring Eagle argues that the district court erred in
refusing to pierce the corporate veil of Creative Solutions and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hold its principals to be liable for its actions. Soaring Eagle also contends that the district court, on its own initiative, relied on evidence from outside the record by viewing the web site of Soaring Eagle's principal and commenting on its apparent appropriation of the software package.

The determination as to whether or not to pierce the corporate veil is a factual determination which we review for clear error. Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 646 (5th Cir. 2002). The district court determined that the corporate veil should not be pierced under either Louisiana or Nevada law. In Louisiana, absent an allegation of fraud, the plaintiff must "bear a heavy burden of proving that the shareholders disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves." Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164, 1168 (La. 1991). In Nevada, the veil may be pierced if a) the corporation is influenced and governed by the stockholder, b) there is such unity of interest and ownership that the corporation and the stockholder are inseparable, and c) adherence to the corporate fiction would sanction fraud or promote a manifest injustice. Nev. Rev. Stat. § 78.747(2)(West 2005).

The court found that corporate formalities were generally followed with the exception of an "eleventh hour payment via wire transfer" on a single occasion by a principal intending to save the company. It found that there was no fraud or deceit upon Soaring Eagle. It credited a statement by Soaring Eagle's principal Jeff

Garbus that the first phase of software development would cost between $100,000 and $150,000, and found that Creative Solutions was not undercapitalized given this amount. Soaring Eagle relies upon a stipulation that "CSS has no, nor ever had, capital or insurance" as evidence that it was undercapitalized. The district court found that CSS members had contributed $140,000 in start-up capital to the corporation, and the record reflects testimony from Creative Solutions principals supporting this finding and the finding that Creative Solutions paid $190,000 to Soaring Eagle. A stipulation may be disregarded if there is substantial evidence to the contrary. Quest Medical, Inc. v. Apprill, 90 F.3d 1080, 1087 (5th Cir. 1996). We find no clear error in the district court's decision to ignore the stipulation or in its determination that, under either Louisiana or Nevada law, the corporate veil should not be pierced.

While the district court's reference to the web site of a Soaring Eagle principal appears to be based on its own independent review of the site, any error is harmless. We have previously held that a curiosity-inspired view by a judge's clerk of the accident site subject to litigation was an impermissible ex parte communication. Kennedy v. Great Atl. & Pac. Tea Co., Inc., 551 F.2d 593, 597 (5th Cir. 1977). Unlike in the Kennedy case, in which the law clerk testified to his observations of the accident site before a jury, any error here was harmless because it was noted in passing

in a footnote, was unrelated to the core of the district court's reasoning, and the outcome of the proceedings was not affected.

We therefore AFFIRM the decision of the district court.